Case 100.—ACTION BY WILL HARRIS AND OTHERS AGAINST
J. L. ROWLETT AND OTHERS TO ENFORCE A MORT-
GAGE LIEN ON MERCHANDISE AND LAND—January 23.

## Rowlett, &c. v. Harris, &c.

Appeal from Calloway Circuit Court.

THOMAS P. COOK Circuit Judge.

From the judgment defendants, Rowlett and others,
appeal. Reversed.

1. Liens—Judgments Enforcing—Part of Debt Controverted—Un-
der Civil Code, section 394, sub-section 3, providing that "if
lien debts be owned by different persons, and be not all due,
the court shall not order a sale of the property until they
all mature." Where one party to an action held lien notes
on a stock of merchandise, and upon three tracts of land
for three notes aggregating about $950, of which all except
$676.78 was controverted, and another party held a lien on
one of the tracks for $150, it was error in the court to
order a sale of the land until after the trial of the issue
controverting a portion of the lien debt, unless it appeared
that enough of it could be sold at that time to pay the un-
controverted claim without materially impairing the value
of the remainder.
2. Recital of Judgment—Effect—Where it is recited in the judg-
ment ordering a sale of land to pay a lien debt, that the land
was not susceptible of advantageous division, such recital
deprived the court of the right to sell the land until the
controverted part of the claim was adjudicated.

J. R. CROGAN for appellants.


### CLASSIFICATIONS.

1. Judgment Premature in Ordering a Sale—Because rendered
before action stood for trial. (Civil Code, secs. 664 and 666;
Practice Act [1902], secs. 5 and 10; Smith v. Ferguson, &c.,
3 Met., 424.)

2. Because it ordered a sale to satisfy the uncontested part of plaintiffs' claim, before a trial of the issue made by defendants' answer and counterclaim; the plaintiffs not waiving their lien as to the contested part of claim. (Civil Code, sec. 694; sub-sec. 3; Sears v. Henry, 13 Bush, 413; Breckinridge v. Peeble, 19 Ky. Law Rep., 510.)

WILL LINN & CONN LINN for appellees.

(No brief in record for appellees.)

OPINION BY JUDGE NUNN—Reversing.

On the 10th day of March, 1904, the appellees instituted this action against the appellants, in which they sought to recover a judgment on three notes for $317.05, each, dated the 6th day of March, 1903, and due in 6, 9 and 12 months. They also alleged that they had a mortgage lien on a stock of merchandise, consisting of clothing, dry goods, etc., and upon three tracts of land securing the payment of the notes, and asked that their lien be enforced. They also made one L. C. Linn a defendant, alleging that he held a prior mortgage lien on one of the tracts of land described in their mortgage for about $150, and asked that he be required to file his answer and set up his claim, if any he had. The appellants filed their answer to the petition in open court on the 23d day of April, 1904, and alleged in substance that the notes sued on were executed for a lot of clothing, etc., purchased by them from Will Harris & Co., and that they were defrauded in the trade, and set up the particular acts constituting the fraud, and claimed that the amount of the notes in excess of $676.78 was obtained by the alleged fraud of appellees. On the 29th day of the same month the defendant and appellee L. C. Linn filed his answer and petition setting up his claim of $150, and asserted a lien for its payment on one of the tracts of land described in Will

Harris & Co.'s mortgage, and made his pleading a cross-petition againt his co-defendants, appellants herein, and asked that summons be awarded against them.  The appellees on that day filed their reply to appellants' answer.  On the next day, April 30th, the case was submitted for trial, and the court rendered a personal judgment against the appellants for the uncontroverted part of the notes and awarded an execution.  By the same judgment the court decreed that the appellees, Will Harris & Co. and L. C. Linn, had liens upon the stock of goods, and the three tracts of real estate, as alleged in their pleadings, for the whole of their claims, and directed a sale of both the personal and real estate.  The commissioner executed the decree, and sold the stock of goods first, and then sold all the real estate.  The court justified its act in selling the whole of the real estate by the recital in the judgment that the land could not be divided without materially impairing its value.  The commissioner executed the decree, and sold the stock of goods to the appellees Will Harris & Co. for $276.-88, and all the land to one Lassiter for the price of $1,065.  The lands were appraised at about $1,845. The court overruled the exceptions filed by appellants to the report of sale made by the commissioner.

We are of opinion that the court erred in directing a sale of the real estate at the time and under the state of the pleadings as they existed.  There was no allegation in the petition either that it was divisible or indivisible.  It consisted of three surveys, and it is apparent from the petition and the description of the land that it would not require a sale of the whole to pay the uncontroverted portion of appellee's debt, and it also appeared from the pleadings that the tract upon which L. C. Linn held a lien was more than

sufficient to pay his debt. It was certainly error to direct a sale of any portion of this property to pay that part of the debt which was controverted by appellant's answer. It is provided in sub-division 3 of section 694 of the Civil Code of Practice that, if lien debts be owned by different persons and be not all due, the court shall not order a sale of the property until they all mature. . If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appears that it is not susceptible of advantageous division, or that for some other reason the sale would cause a sacrifice thereof or seriously prejudice the interests of the defendants. That part of appellee's debt which was controverted was a lien on this land, if a just claim; but the issue made upon that did not stand for trial at that term. The court could not then know what would be the result of that issue. That part of the claim was not a debt due within the meaning of the Code until that issue was settled, and under the section of the Code quoted the court did not have the power or right to sell the real estate, or any of it, unless it appeared that enough of it could be sold at that time to pay the uncontroverted claim without materially impairing the value of the remainder or causing a sacrifice thereof. This certainly did not appear in the case, but, on the contrary, it was recited in the judgment that it was not susceptible of advantageous division, which deprived the court of the right to sell the land for the payment of appellee's debt until the controverted part of the claim was adjudicated. In the case of Ward v. Coffey, 12 S. W., 145, 11 Ky. Law Rep., 339, it was decided that, where several lien notes are held by the same party, a sale of enough land to pay those due

may be ordered, unless it appears the land is not sus-ceptible of advantageous division or for other reasons the sale would cause a sacrifice. From the facts as they appear in this record, the proceedings had in the lower court in disposing of appellants' property caused a sacrifice of their property, and was very prejudicial to their interests, and the judgment directing the sale was erroneous.

We refrain from commenting on the action of the lower court in overruling the exceptions of appellants to the report of sale of the land by the commissioner, as that judgment has not been appealed from, and the purchaser at the sale, an interested party, is not before the court upon this appeal.

For the reasons given, the judgment appealed from is reversed, and cause remanded for further proceedings consistent herewith.